## Multiple Defendants

Plaintiff alleges that he has a right of recovery against defendants Mihai Tudor and Mark Kocun for falsely arresting him. However, before I instruct you on the legal element of plaintiff's claims, I wish to instruct you that you must consider each defendant's involvement in plaintiff's alleged claim separately.

You must return a separate verdict on each defendant for plaintiff's claim. In reaching your verdict, bear in mind that liability is individual. Your verdict must be based solely upon the evidence, or lack of evidence, about each defendant, in relation to each of plaintiff's claim. The case against one defendant stands or falls upon the proof or lack of proof against that defendant alone.

In other words, each defendant it entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against any other defendant. Unless otherwise stated, all instructions given to you govern the case as to each defendant. Devitt, Blackman and Wolf, Federal Jury Practice and Instructions, Civil § 71.06.

## **INSTRUCTION**

### *False Arrest*

Plaintiff claims that defendants falsely arrested him on March 20, 2011. A person is falsely arrested if he is arrested without probable cause. Probable cause to arrest exists when a police officer has knowledge or reasonably trustworthy information sufficient to convince a person of reasonable caution to believe that a crime has been committed by the person to be arrested.

Defendants contend there was probable cause to arrest plaintiff for Obstructing Governmental Administration in the second degree. Plaintiff contends that there was no probable cause for this arrest.

Your task as a jury is not to decide issues of law, but to decide issues of fact, and this case rests on two issues of fact alone:

1. **Whether Police Officer Mihai Tudor and Police Officer Mark Kocun received permission from plaintiff's supervisor to search the locked security corridor at the mall.**

If you decide that Police Officer Mihai Tudor and Police Officer Mark Kocun never received permission from plaintiff's supervisor to search the locked security corridor, then defendants did not have probable cause to arrest plaintiff, and there is no need to consider the second issue because you must find in favor of the plaintiff.

2. If, however, you decide that Police Officer Mihai Tudor and Police Officer Mark Kocun did receive permission to search the locked security corridor from plaintiff's supervisor, then you must decide **whether they received that permission before or after they had handcuffed plaintiff.**

- 11 -

If you decide that plaintiff was handcuffed before the defendants received permission from plaintiff's supervisor, then defendants did not have probable cause to arrest plaintiff, therefore, you must find in favor of the plaintiff.

If however, you decide that plaintiff was arrested after the defendants received permission from plaintiff's supervisor, then defendants did have probable cause to arrest plaintiff, and you must find in favor of the defendants.

These are the only consideration you have to make. This must be clear. No other questions need to be answered to establish whether defendants had probable cause to arrest plaintiff for Obstruction of Governmental Administration.

### ***PART III:  DAMAGES***

#### ***Damages Generally***

If you find that plaintiff has carried his burden of proving, by a preponderance of the evidence, his claim as I have just described it, then you must consider the amount of damages which will fairly and reasonably compensate the plaintiff for the injuries he has proven he sustained as a result of the conduct of the defendants.

You should not infer that plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is, of course, exclusively your function to decide liability, and I am instructing you on damages only so that you will have guidance should you decide that plaintiff is entitled to recovery.

I instruct you that the plaintiff will not be required to pay federal income tax on any compensatory damages you may award for his physical injury, and you should not consider such taxes in determining the amount of damages.

It is the sole and exclusive function of the jury to determine the amount of money, if any, that will justly and fairly compensate a plaintiff for any injury or damages sustained.

### **INSTRUCTION**

#### ***Compensatory Damages***

Plaintiff seeks compensatory and punitive damages. Compensatory damages are damages which will fairly and justly compensate plaintiff for injury which he has proven by a preponderance of the credible evidence to have been the result of conduct by a defendant. Compensatory damages include damages for the physical pain, and mental and emotional suffering that plaintiff sustained or is reasonably likely to sustain in the future, as a result of the

- 13 -

defendants allegedly wrongful acts. In calculating compensatory damages, you may consider the nature and extent of the injury and whether it was temporary or permanent.

Plaintiff is entitled to damages for any pain and suffering that he experienced as a result of the defendants' unlawful conduct, if you find that any such conduct occurred. You may not award the plaintiff damages for any emotional distress caused by factors other than the wrongful conduct of the defendants.

The damages you award must be fair and reasonable, and they must not be excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered. It is the plaintiff's burden to prove the amount of his damages and to prove that the damages were caused by the defendants' actions.

In order to recover damages for mental and emotional distress, the plaintiff must present credible testimony with respect to the claimed mental anguish. The purpose of a damage award is to compensate the plaintiff for the injury he suffered, if any, as a direct result of the actions of the defendants. The purpose of an award of compensatory damages is not to punish the defendants.

I cannot give you a yardstick by which to measure the dollar value of compensatory damages. You have heard testimony and seen evidence regarding the injuries plaintiff sustained. You must determine, based on your common sense and experience, the amount of money which will fairly and reasonably make plaintiff whole, or compensate him for the pain, suffering and mental anguish that he may have sustained as a consequence of defendants' acts.

## INSTRUCTION

### *Nominal Damages*

If you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

## INSTRUCTION

### *Punitive Damages*

In addition to compensatory damages, you may make, but you are not required to make, a separate and additional award of exemplary or punitive damages for plaintiff's claims. Punitive damages are awarded to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant or others like him from committing such conduct in the future.

You may award the plaintiff punitive damages against any of the individual defendants on any claim for which you hold that defendant liable, if you find that plaintiff has proven by a preponderance of the evidence that the defendant acted maliciously or wantonly. An act is malicious if it is done in such a manner, under such circumstances, as to reflect utter disregard for the potential consequences of the act on the rights of others. An act is wanton if done in reckless or callous disregard or indifference to the rights of others. Plaintiff has the burden of proving by a preponderance of the credible evidence that a defendant acted maliciously or wantonly. The purpose of punitive damages is to punish shocking, extreme or outrageous conduct and to set an example to deter others from the commission of similar offenses in the future.

An award of punitive damages is discretionary. If you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate to the need to punish the defendant(s) and to deter them and others from similar conduct.

## INSTRUCTION

### *Duty to Deliberate/Unanimous Verdict*

You are about to go into the jury room and begin your deliberations. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. You must each decide the case for yourself, but you should do so only after discussing the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is wrong. Your decisions must be unanimous, but you are not bound to surrender your honest beliefs concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard for sympathy, prejudice, or favor for either party, and adopt the conclusion that in your good conscience appears to be in accordance with the truth. Remember, you are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case, and fairly and impartially reach a verdict, if you can.

## INSTRUCTION

### *Testimony; Exhibits; Communications With The Court*

If during your deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember that whatever your request is, it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony – or any other communication you wish to make with the Court – should be made to me in writing, signed by your foreperson, and given to the marshal or court officer outside the door. Bear in mind that you are never to reveal to any person – not even to the Court – how you, the jury stand, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

## INSTRUCTION

### *Verdict Form*

I will give you a verdict form to be filled out in the jury room. The purpose of the questions on the form is to help us – the Court, and the parties – to understand what your findings are. I will hand this form, which contains a set of questions, to the Deputy Clerk who will give it to you, so that you may record the decision of the jury with respect to each question.

No inference is to be drawn from the way the questions are worded. The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

The answer to a question must be the unanimous answer of the jury. Your foreperson will check off the unanimous answer of the jury in the space provided below the question.

After you have reached your decision, your foreperson will fill in the form that has been given to you. Once complete, the foreperson should sign and date the form and advise the court security officer outside your door that you are ready to return to the courtroom.

I stress that each of you should be in agreement with the verdict, which will be announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Lastly, nothing said in these jury instructions and nothing in the verdict form prepared for your convenience is meant to suggest or convey in any way or manner any hint to what verdict I think you should find. Finding the verdict shall your sole and exclusive duty and responsibility.

This completes my instructions of law. I thank you for your time and attentiveness.

Dated: New York, New York
October 4, 2012

By: _____
Duncan Peterson (DP7367)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, New York 10279
(212) 240-9075

11 CV 4850 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL SPERO,

                          Plaintiff,

-against-

POLICE OFFICERS MIHAI TUDOR AND MARK
KOCUN, individually, and as members of the New York
City Police Department,

                          Defendants.

## PLAINTIFF'S PROPOSED JURY CHARGES

*DUNCAN PETERSON*
*PETERSONDELLECAVE LLP*
*Attorney for Plaintiff*
*233 Broadway, Suite 1800*
*New York, N.Y. 10279*
*(212) 240-9075*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MICHAEL SPERO,

                            Plaintiff,                    **VERDICT SHEET**

         -against-

POLICE OFFICERS MIHAI TUDOR AND MARK         11 CV 4850 (BMC)
KOCUN, individually, and as members of the New York
City Police Department,

                            Defendants.

------------------------------------------------------------------- x

## JURY VERDICT SHEET

1. Did the defendants, Police Officer Mihai Tudor and Police Officer Mark Kocun, obtain permission from the plaintiff's supervisor to search the security corridor at the shopping mall?

   YES_____                        NO_____

   If you answered YES, please proceed to Question 2. If you answered NO, please proceed to Question 3.

2. Did the defendants, Police Officer Mihai Tudor and Police Officer Mark Kocun, obtain permission from the plaintiff's supervisor to search the security corridor at the shopping mall <u>prior</u> to handcuffing the plaintiff?

   YES_____                        NO_____

   If you answered NO, please proceed to Question 3. If you answered YES, you need not answer the remaining questions. Please have the foreperson sign the verdict sheet and notify the marshal that a verdict has been reached.

3. Did the plaintiff prove by a preponderance of the evidence that he suffered actual compensatory damages as a result of his false arrest?

   YES_____                        NO_____

      i. If YES, state the dollar amount of any actual compensatory damages sustained by the plaintiff that were proximately caused by the conduct of the defendant:

      $_____

4. Did the plaintiff prove by a preponderance of the evidence that the defendant acted maliciously or wantonly with regard to the plaintiff's rights, and if so, do you wish to award punitive damages?

      YES_____                NO_____

      i. If YES, please state the dollar amount of punitive damages you wish to award:

      $_____

Please sign and date this verdict sheet.

      Signed:_____

      Date:_____